**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4464**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CLARENCE GALLOWAY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-03-457)

———————

Submitted:  August 24, 2005      Decided:  September 29, 2005

———————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Clarence Galloway pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). He was sentenced to eighty-seven months of imprisonment, followed by three years of supervised release. Galloway appeals his sentence. We affirm.

Galloway argues that the enhancements to his offense level based on prior felony convictions for controlled substances pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003), and the calculation of his criminal history category points based on several prior convictions violated the Sixth Amendment because the enhancements were based on facts that were not contained in the indictment, found by the jury, or admitted by Galloway.

Because Galloway did not object to his sentence in the district court based on Blakely v. Washington, 542 U.S. 296 (2004), this court's review is for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Galloway must establish that error occurred, that it was plain, and that it affected his substantial rights. Hughes, 401 F.3d at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public

reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. Hughes, 401 F.3d at 546.

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Id.

The district court may enhance a sentence based on the fact of a prior conviction. See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998). However, when the sentencing court looks "beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial court to determine a fact about a prior conviction," then the finding has gone too far afield from

the prior judicial record and falls outside the <u>Almendarez-Torres</u> exception to the <u>Booker</u> holding. <u>United States v. Collins</u>, 412 F.3d 515, 521-22 (4th Cir. 2005). Galloway was previously convicted of three separate prior felonies: sale and delivery of cocaine and possession with intent to sell cocaine on February 3, 1997; possession with intent to sell and deliver cocaine on March 20, 2002; and possession of cocaine on April 17, 2002. The district court was not required to make any factual findings concerning these convictions to conclude that they were controlled substance offenses. We therefore conclude the enhancement of Galloway's offense level under USSG § 2K2.1(a)(2) did not violate the Sixth Amendment.

Galloway also challenges the continued vitality of <u>Almendarez-Torres</u> in light of the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny. The argument is foreclosed by Circuit precedent. <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, ____ (4th Cir. 2005); <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>